**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 12-00471 VAP (SPx)                              Date:  April 5, 2012

Title:    FEDERAL NATIONAL MORTGAGE ASSOCIATION -v- BLANCA M. POLANCO, AND DOES 1 THROUGH 5, INCLUSIVE
==============================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                              None Present
        Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

        None                                       None

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On February 1, 2012, Plaintiff Federal National Mortgage Association ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Blanca M. Polanco ("Defendant") in the California Superior Court for the County of San Bernardino.  (Not. of Removal.)  On April 2, 2012, Defendant removed the action on the basis of this Court's federal question jurisdiction, 28 U.S.C. § 1331.  (<u>See</u> <u>id.</u>)

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the

EDCV 12-00471 VAP (SPx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. BLANCA M. POLANCO, AND DOES 1 THROUGH 5, INCLUSIVE
MINUTE ORDER of April 5, 2012

defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant alleges the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims arise under federal law, specifically the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. (See Not. of Removal at 2-3.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendant has not shown the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met her burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**